The opinion of the Court was delivered by
O’Neall, C. J.
The petition presents a case entitled to relief within the terms and provisions of the Act of 1787. The first objection noticed by the Judge, but not decided, is that the application could not be made at Chambers. I think there is nothing in that. The Judge, unless restricted by the Act, has the same powers as to mere administrative orders, at Chambers, which he has sedente curia.
The objection on which-his mind rested was that the *84 money was not paid into tbe treasury. Tbe Legislature granted the escheats in Sumter District to the Sumterville “Academical Society.” This grant has appointed another to receive the proceeds, and that makes their receipt the same as a receipt into the public treasury. I do not therefore hesitate about granting the relief prayed in that respect.
By the proviso to the 5th section, 5 Stat. 47, the heirs (the petitioners) are entitled to five years after the sale, March, 1863, to show their title to the land. So by the 9th section, 5 Stat. 48, the petitioners, laboring under disabilities of infancy or coverture, are saved from the bar of the Act.
I am therefore clear that the petitioners are entitled to traverse the inquisition, which will be heard on the petition setting forth their right in the Court of Common Pleas for Sumter District, the petitioners finding security to prosecute rheir suit with effect and without delay. Let the petitioners give notice to the Solicitor of the Middle Circuit, the escheator, and the Academical Society, so that they may plead to the traverse if they choose.
The motion, according to the above directions, is granted.
Wardlaw, J., concurred.

Motion granted.